CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 29, 2025

LAURA A. AUSTIN, CLERK
BY: s/ K. SAVILLE
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 6:25mj41 |
| | ) | |
| JERRY WALLACE CARTER, JR. | ) | |
| | ) | |

AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT AND ARREST WARRANT

I, Daniel M. Bailey, Task Force Officer with the Drug Enforcement Administration, being duly sworn, depose and state as follows:

## I. INTRODUCTION

### A. Purpose of Affidavit

1. This affidavit is submitted in support of a criminal complaint and arrest warrant charging the above-named defendant with violating 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) in that, on or about June 17, 2025, in the county of Amherst, within the Western District of Virginia, the defendant knowingly and intentionally possessed with intent to distribute cocaine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

### B. Agent Background and Experience

2. I am a Task Force Officer with the Drug Enforcement Administration (DEA) and have been since 2017. I am also a Detective with the Lynchburg Police Department (Virginia) and have been so employed since 2002. I am currently assigned to investigate drug trafficking organizations as a member of the DEA, Washington Field Division/Roanoke Resident Office. My duties as a Task Force Officer involve the investigation of various criminal activities of narcotics traffickers and their associates. In investigating these matters, I have acted as a case agent, an undercover agent, and a contact agent for confidential sources. These investigations

1

have resulted in the issuance of federal search warrants, seizure warrants, indictments, and convictions of persons for federal narcotics violations. During my employment as a law enforcement officer, I have received multiple hours of training in narcotics enforcement and investigative techniques, and I have personally participated in numerous investigations. I have also spoken on numerous occasions with informants, suspects, and other experienced narcotics traffickers concerning the methods and practices of drug traffickers, including the methods and practices used by traffickers of methamphetamine, heroin, and cocaine. I have been involved in the execution of numerous search warrants on electronic devices, including cellphones, and in obtaining location information for those devices.

### C. Sources of Information

3.     This affidavit is based on information obtained by me, information conveyed to me by other law enforcement officers, and a review of evidence, records, and documents obtained during the course of the investigation. This affidavit reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds and new information is discovered. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## II.   APPLICABLE LAW

4.      Under 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) it is unlawful to: 1) possess with the intent to distribute cocaine; 2) knowing that the substance distributed was a controlled substance under the law at the time of the distribution; and 3) doing so knowingly or intentionally.

## III.   PROBABLE CAUSE

5.      The United States, including the Drug Enforcement Administration ("DEA") and the Lynchburg Police Department are conducting a criminal investigation of Jerry Wallace CARTER, Jr. (hereafter "CARTER") and others regarding a conspiracy to distribute cocaine HCL and Fentanyl in violation of 21 U.S.C. § 846.

6.      Beginning in or about December 2024, law enforcement began receiving information from a Confidential Source ("CS-1") that CARTER and Co-Conspirator #1 ("CC-1") were working in concert to sell cocaine and Fentanyl in and about Central Virginia, to include the City of Lynchburg and Amherst County. CS-1 was cooperating with law enforcement seeking potential consideration for pending charges. CS-1 has prior felony convictions for narcotics-related offenses.

7.      In August of 2020, law enforcement executed a federal search warrant (6:20-mj-22) at 100-A Reichard Drive, Madison Heights, Virginia and seized suspected drug trafficking funds (U.S. currency) from Jerry CARTER. That residence was the home address of CARTER. Talisa MAYS was also present at the address. MAYS was identified as a girlfriend and co-habitant.

8.      Law enforcement determined that CARTER was on federal probation for previous convictions associated with cocaine trafficking. CARTER's Probation Officer advised that CARTER still lived at 100-A Reichard Drive.

9. On or about January 27, 2025, law enforcement observed a Dodge Charger, bearing Virginia tag TJV5441, parked in front of the address. That vehicle was found to be registered Talisa MAYS. It should be noted that law enforcement had also observed CARTER operating that vehicle approximately one month prior.

10. Between January and June 2025, law enforcement used CS-1 to conduct approximately five controlled purchases of cocaine and/or Fentanyl from CARTER. Those purchases were under the direction and supervision of law enforcement. During those controlled purchases, CARTER was observing delivering the cocaine or Fentanyl to CS-1 while operating the aforementioned maroon Dodge Charger. The substances purchased during those controlled purchases were sent to a forensic laboratory for analysis. Law enforcement later received the forensic reports of those analyses stating that the substances were cocaine HCL and/or Fentanyl.

11. In addition, during those aforementioned controlled purchases, CARTER was observed by law enforcement leaving the Reichard Drive address just prior to delivering the controlled substance to CS-1.

12. On June 17, 2025, law enforcement executed a search warrant at 100-A Reichard Drive, Madison Heights Virginia. CARTER was observed leaving the residence earlier that morning. Upon execution of that warrant, law enforcement located approximately two hundred and sixteen grams of a substance that field tested positive for cocaine. Law enforcement also located approximately two hundred and seventy-four grams of a powder substance that appeared to be Fentanyl. The substance did not field test for a controlled substance. Both of these substances were located together in the laundry closet off of the kitchen. This affiant knows, through his training and experience, that amount of suspected cocaine and Fentanyl are not consistent with personal use amounts of a controlled substance.

13. In the experience of this affiant, Fentanyl often does not yield a positive field test with the device used on this occasion.

14. Just prior to the execution of the search warrant, CARTER was stopped in Lynchburg, Virginia operating the aforementioned maroon Dodge Charger. CARTER was transported to the Police Department. CARTER agreed to speak with law enforcement after being read his *Miranda* Warning. During the interview, CARTER admitted to knowledge of cocaine inside of his residence (100-A Reichard Drive). CARTER estimated the amount to be between one hundred and five hundred grams. CARTER advised that he had been selling cocaine for twenty years.

15. This affiant conducted ruse on CARTER and advised that one of the bags seized from his residence field tested positive for Fentanyl. CARTER responded, "Oh… Ya'll knew that junk was given to me". CARTER advised that only cocaine "should've" been given to CARTER.

16. Later that same day, this affiant conducted a telephonic interview of Talisa MAYS. MAYS denied ownership of the illicit narcotics being inside of her residence.

## CONCLUSION

17. Based upon the foregoing, I submit there is probable cause to conclude that on or about June 17, 2025, the defendant knowingly and intentionally possessed with intent to distribute cocaine, its salts, isomers, and salts of its isomers, a Schedule II controlled

substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C).

## OATH

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_____
Daniel M. Bailey
Task Force Officer, Drug Enforcement Administration

Received by reliable electronic means and sworn and attested to by telephone on this 29th day of July 2025.

_____
C. KAILANI MEMMER
UNITED STATES MAGISTRATE JUDGE